*Thurman, J.
Taylor’s Lessee v. Boyd does not aid the plaintiffs. When the proceedings therein referred to occurred, the practice act authorized decrees in chancery of the common pleas to be examined, and reversed or affirmed, upon writ of error. 2 Chase, 1275, sec. 95. That statute has long since been repealed,, and with it the remedy is gone. A similar statute in Kentucky authorized the case cited in J. J. Marshall.
In Kern’s Adm’r v. Foster, it was held that “ a writ of certiorari is not the mode of questioning the regularity of a sale and order of confirmation in chancery.” After stating that an appeal lay from such an order, the court add: “A plain method existing then of bringing the question of confirmation and the regularity of the sale before the supreme court by appeal, we are not disposed to recognize the additional remedy of a writ of certiorari, which is a proceeding that, if not wholly unknown to chancery, would, at farthest, only be resorted to in cases where there was no other-remedy.” Plaintiffs’ counsel contends that this is a recognition of the propriety of the writ where there is no other remedy. We do not think so. It is a mere hypothesis. The court speak of the writ as wholly unknown to chancery; but, out of abundant caution, they add that, even if known, they would only sustain it where there was no other remedy.
A court of law does not sit to review the decisions of a court of equity, nor does the chancellor sit to re-examine the proceedings of the law courts. 3 Ohio, 19. And although in this state both jurisdictions are vested in the same judges, they are nevertheless as distinct jurisdictions as though they were exercised by different tribunals. Sitting as a court of law, then, we can not reverse or affirm an order in chancery; from which it follows that if the present writ can be sustained, it must be regarded as issued out of chancery. Formerly, in England, original writs, even in common *376 law actions, wore issued out of the court of chancery, and made returnable in the proper law court. 3 Chitty Pr. 144,145. Hence we find the writ of certiorari spoken of *as issuing out of chancery. But not for this reason alone, for it is also employed in equity cases to bring up a record to be used as evidence, or to remove causes from certain inferior courts of equity into the court of chancery. 1 Maddock Ch. 12; Id. 181; 1 Jac. Law Dic. 411; Williams Law Dic., title Certiorari; 2 Cha. 109 ; 1 Ver. 178.
But we have discovered no case in which it has been used as a means .of reviewing, and affirming or reversing a decree of a court of equity. .
But were the remedy admissible, it would not avail the plaintiffs in the present suit. For it has been repeatedly decided that, in this state, contrary to the practice in England, a writ of certiorari will not be allowed before the final disposition of the cause in the court below. Herf v. Shulze, 10 Ohio, 268; Dixon v. Cincinnati, 14 Ohio, 249. It would present a strange spectacle for us to be ■trying the question whether a district court properly admitted testimony, and, at the same time, the latter court be proceeding to final decree between the parties. And of what avail could our decision be, if, before it was given, such final decree should be pronounced ?
We are unanimously of opinion that the writ was improvidently issued, and consequently the cause must be stricken from the docket.
As the question relative to the deposition is not properly before its, we do not feel at liberty to express any opinion upon it.